T.C. Summary Opinion 2007-20


UNITED STATES TAX COURT


MARCUS T. AND TIFFANY J. RINGGOLD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15997-05S.                Filed February 12, 2007.


Marcus T. and Tiffany J. Ringgold, pro sese.

<u>Jonathan A. Neumann</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code.
Unless otherwise indicated, subsequent section references are to
the Internal Revenue Code as in effect for the year at issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.  The decision to be entered is not reviewable by any
other court, and this opinion should not be cited as authority.

Respondent determined for 2001 a deficiency in petitioners' Federal income tax of $3,803. After concessions,[1] the sole issue for decision is whether petitioners are entitled to claim a dependency exemption deduction.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioners resided in Richmond, California.

Petitioner Marcus T. Ringgold (petitioner) and Bis-Millah Muhammad (Ms. Muhammad) are the biological parents of NNM.[2] Petitioner and Ms. Muhammad have never been married to each other. Petitioner and Ms. Muhammad lived apart at all times during 2001.

Petitioners jointly filed a Form 1040, U.S. Individual Income Tax Return, for 2001, claiming for NNM a dependency exemption deduction. Respondent issued to petitioners a

---

[1]Respondent concedes that petitioners are entitled to claim for 2001: (1) Charitable contribution deductions of $8,258 on Schedule A, Itemized Deductions, (2) business expense deductions of $2,000 for supplies expenses on Schedule C, Profit or Loss From Business, and (3) a depreciation deduction of $1,136 on Schedule C. Petitioners concede that they are not entitled to claim Schedule C business expense deductions for rent or lease payments made in 2001.

[2]The Court will refer to the minor child by her initials.

statutory notice of deficiency for 2001 disallowing the claimed deduction.

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[3] Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 151(c)(1) allows a taxpayer to claim an exemption deduction for each qualifying dependent. A child of the taxpayer is considered a "dependent" so long as the child has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins and more than half the child's support for the taxable year was received from the taxpayer. Secs. 151(c)(1)(B), 152(a)(1). The age limit is increased to 24 if the child is a student as defined by section 151(c)(4). Sec. 151(c)(1)(B).

A special support test under section 152(e)(1) limits the dependency exemption where the child's parents live apart. Section 152(e)(1) applies to both married parents and parents who have never been married to each other. King v. Commissioner, 121 T.C. 245, 251 (2003). Section 152(e)(1) provides:

---

[3]Petitioners have not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. This Court concludes that sec. 7491 does not apply because petitioners have not produced any evidence that establishes the preconditions for its application.

SEC. 152(e) Support Test in Case of Child of Divorced Parents, Etc.--

(1) Custodial parent gets exemption.--Except as otherwise provided in this subsection, if--

(A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents--

(i) who are divorced or legally separated under a decree of divorce or separate maintenance,

(ii) who are separated under a written separation agreement, or

(iii) who live apart at all times during the last 6 months of the calendar year, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

Under the stipulation and order filed in the Superior Court of the State of California on July 12, 2001 (order), petitioner and Ms. Muhammad agreed that they will continue to share joint legal custody of NNM.  The order provided that NNM will be "in the father's care every other Thursday after school through Monday morning beginning July 12, 2001, and the following week every Wednesday after school through Friday morning, beginning July 18, 2001 and in the physical care of the mother at all times."

Petitioner testified that up until the filing of the order on July 12, 2001, NNM spent equal amounts of time with him and Ms. Muhammad. Petitioner's spouse, Mrs. Ringgold, testified that after July 12, 2001, in accordance with the order, NNM spent 35 percent of her time with petitioner and 65 percent of her time with Ms. Muhammad.

The record reflects that petitioner had custody over NNM for less than 50 percent of the year in 2001. The Court therefore finds that petitioner is not NNM's custodial parent.

A noncustodial parent, however, may be treated as providing over half of the support if the requirements under section 152(e)(2) are satisfied. Section 152(e)(2) provides:

> (2) Exception where custodial parent releases claim to exemption for the year.--A child * * * shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--
>
>> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
>>
>> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

To release a claim to a dependency exemption deduction properly, the custodial parent must sign a written declaration with an express statement that such custodial parent will not

claim that child as a dependent.  Sec. 152(e)(2); <u>Miller v. Commissioner</u>, 114 T.C. 184, 190-191 (2000); <u>Bramante v. Commissioner</u>, T.C. Memo. 2002-228.  A validly executed Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, satisfies the written declaration requirement.  <u>King v. Commissioner</u>, <u>supra</u> at 249; <u>Brissett v. Commissioner</u>, T.C. Memo. 2003-310.  There is no suggestion that Ms. Muhammad signed any written declaration agreeing that she would not claim NNM as a dependent for 2001.

Petitioner testified that Ms. Muhammad had orally agreed to allow him to claim NNM as a dependent on his return, and he had done so from 1996 to 2001.  Petitioner apparently was allowed a dependency exemption deduction for NNM on his returns from 1996 to 2000.  Each taxable year, however, stands on its own and must be separately considered.  <u>Pekar v. Commissioner</u>, 113 T.C. 158, 166 (1999).  Respondent is not bound in any given year to allow the same treatment permitted in a previous year.  See <u>Lerch v. Commissioner</u>, 877 F.2d 624, 627 n.6 (7th Cir. 1989), affg. T.C. Memo. 1987-295; <u>Pekar v. Commissioner</u>, <u>supra</u> at 166.

The Court finds that petitioner is not the custodial parent of NNM, and the exception under section 152(e)(2) does not apply.  Therefore, petitioners are not entitled to claim for 2001 a dependency exemption deduction for NNM under section 151.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.